UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

UNITED STATES OF AMERICA          :    CONSENT PRELIMINARY ORDER
                      - v. -                                       OF FORFEITURE/
                                           :    MONEY JUDGMENT

ELENA MOLDOVAN,
                                           :    20 Cr. 467 (SHS)
           Defendant.
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 8, 2020, ELENA MOLDOVAN (the "Defendant"), was charged in an seven-count Information, 20 Cr. 467 (SHS) (the "Information"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Five); false swearing in an immigration matter, in violation of Title 18, United States Code, Sections 1546(a) and 2 (Count Six);, and paying a bribe to a public official, in violation of Title 18, United States Code, Sections 201(b)(1)(A) and 2 (Count Seven);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, and any and all personal property used or intended to be used to

commit the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Information included a second forfeiture allegation as to the wire fraud object of Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud object of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Information included a third forfeiture allegation as to the bank fraud object of Count Two of the Information and the offense charged in Count Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Two and Five of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Five of the Information that the Defendant personally obtained;

WHEREAS, the Information included a fourth forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged

in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Four of the Information;

WHEREAS, on or about September 8, 2020, the Defendant pled guilty to Counts One through Seven of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, Four, and Five of the Information and agreed to forfeit to the United States a sum of money equal to $1,062,000 in United States currency, representing: (i) pursuant Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c), the proceeds traceable to the commission of the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), the property involved in the offense charged in Count Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,062,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Four of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Four of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Margaret Lynaugh, of counsel, and the Defendant and her counsel Thomas A. Kenniff, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,062,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Five of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Four of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ELENA MOLDOVAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        5/11/2023
MAGGIE LYNAUGH                              DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2448


ELENA MOLDOVAN

By: _____        5-17-2023
ELENA MOLDOVAN                              DATE

By: _____        5/17/23
THOMAS A. KENNIFF, ESQ.                     DATE
Attorney for Defendant
87 Walker St
New York, NY 10013


SO ORDERED:

_____            5/17/2023
HONORABLE SIDNEY H. STEIN                   DATE
UNITED STATES DISTRICT JUDGE