UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

I ELENA MOLDOVAN,

Defendant,

ORDER OF
JUDICIAL REMOVAL

20 Cr. 467 (SHS)

------------------------------X

    Upon the application of the United States of America, by Margaret Lynaugh, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ELENA MOLDOVAN, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

    1.    The defendant is not a citizen or national of the United States.

    2.    The defendant is a native of Romania and a citizen of Romania.

    3.    The defendant unlawfully entered the United States through the Douglas, AZ Port of Entry on May 21, 2012.

    4.    The defendant was paroled into the United States pending the outcome of her relief applications.

    5.    The defendant failed to appear for her immigration proceedings and was ordered removed in absentia on April 2, 2015.

    6.    At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for Counts: (1)

Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029(b)(2); (2) Conspiracy to Commit Wire Fraud and Bank Fraud in violation of violation of Title 18, United States Code, Section 1349, in connection with her participation in a conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344; (3) Aggravated Identity Theft in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2; (4) Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h), in connection with her participation in a conspiracy to violate Title 18, United States Code, Sections 1956(a)(l)(A)(i), 1956(a)(l)(B)(i), and 1957(a); (5) Bank Fraud in violation of Title 18, United States Code, Sections 1344 and 2; (6) False Swearing in an Immigration Matter in violation of Title 18, United States Code, Sections 1546(a) and 2; and (7) Paying a Bribe to a Public Official in violation of Title 18, United States Code, Sections 201 (b)(l) and 2.

7. The total maximum sentence of incarceration for Count One is a term of imprisonment of seven and a half years. The total maximum term of supervised release on Count One is three years. The total maximum sentence of incarceration for Count Two is a term of imprisonment of thirty years. The total maximum term of supervised release on Count Two is five years. The total maximum sentence of incarceration for Count Three is a term of imprisonment of two years. The total maximum term of supervised release on Count Three is one year. The total maximum sentence of incarceration for Count Four is a term of imprisonment of twenty years. The total maximum term of supervised release on Count Four is three years. The total maximum sentence of incarceration for Count Five is a term of imprisonment of thirty years. The total maximum term of supervised release on Count Five is five years. The total maximum sentence of incarceration for Count Six is a term of imprisonment of ten years. The total maximum term of supervised release on Count Six is three years. The total maximum sentence of incarceration for Count Seven is a term

of imprisonment of fifteen years. The total maximum term of supervised release on Count Seven is three years. The total maximum sentence of incarceration on all counts is 114.5 years' imprisonment.

8. The defendant is inadmissible and subject to removal pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of acts which constitute a crime involving moral turpitude; Section 212(a)(2)(B) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(B), as an alien convicted of multiple criminal convictions; Section 212(a)(2)(I) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(I), as an alien who immigration officials have reason to believe has engaged, in an offense which is described in section 1956 or 1957 of title 18 (relating to laundering of monetary instruments); and Section 212(a)(7)(A)(i)(1) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an applicant for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

9. The defendant has waived her right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

10. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

11. The defendant has designated Romania as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon her release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon her sentencing, and that the defendant be ordered removed to Romania.

Dated:       New York, New York
             May 17, 2023

_____
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE